THE STATE, EX REL. WILSON, *v.* NASH, JUDGE.

202

(No. 33928—Decided November 5, 1974.)

Mr. *Joseph P. Abbate*, for relator.
Mr. *Jules N. Koach*, for respondent.

KRENZLER, J. Relator, Henry J. Wilson, filed an original complaint for a Writ of Prohibition in this court, seeking to prohibit the Municipal Court of Cleveland Heights from receiving evidence in any further criminal procedings against him.[1]

The relevant facts are:

Defendant was arrested without a warrant on August 25, 1971 for driving under the influence of alcohol,[2] in violation of Section 731.03 of the Codified Ordinances of the City of Cleveland Heights. The arresting officers did not observe the defendant driving the car. He was taken to the

---

[1] Henry J. Wilson, the relator in this action was the defendant in two previous cases in Cleveland Heights Municipal Court, Numbers 68423 and 70817. The terms relator and defendant, therefore, may be used interchangeably in this opinion.

[2] R. C. 4511.19 provides for the prosecution of persons for driving while intoxicated. The various municipal corporations have passed crdinances proscribing the same conduct. It is discretionary with the municipal corporation whether to charge a person under state law or under the applicable ordinances for driving while intoxicated. The principles enumerated in this case are equally applicable to prosecutions under the state law or under a similar municipal ordinance.

Cleveland Heights Police Station and a chemical breathalyzer test was administered pursuant to R. C. 4511.19 and R. C. 4511.191.

Defendant demanded a jury trial and also filed a motion to challenge the array of jurors. The motion was overruled on April 6, 1972. He also filed a motion to suppress the results of the chemical test, and following a hearing on this motion said motion was sustained and the defendant discharged on April 6, 1972. (Case Number 68423.)

On April 8, 1972 warrants were issued for the defendant's arrest on charges of driving while intoxicated on August 25, 1971, in violation of R. C. 4511.19 and on a new charge of intoxication, in violation of Section 947.01 of the Codified Ordinances of the City of Cleveland Heights.

On April 14, 1972 defendant filed a motion to quash the affidavit and warrant and a motion to suppress evidence and dismiss the case. Hearings on the motions were held on April 25, 1972, and the motion to quash the affidavit and warrant and the motion to suppress and dismiss were all overruled and the case was set for trial. (Case Number 70817.)

The defendant at the time of trial entered a plea of once in jeopardy, and this plea was overruled. The case then went to trial before a jury and the defendant was found guilty of driving while intoxicated, and the intoxication charge was dismissed.

The defendant took an appeal and the pertinent assignments of error were:

1. That the court erred in failing to grant the motion to quash the affidavit and for failure to dismiss the affidavit for driving while under the influence of alcohol for the reason that prosecution was barred by "Double Jeopardy."

2. That the court erred in dismissing the plea of "once in jeopardy."

3. That the court erred in overruling a motion to suppress evidence of breathalyzer result in Case No. 70817, where on an identical issue in the first Case No. 68423, the court sustained the same motion for the reason that the

court was bound in the second case by its decision in the first case.

The first and second assignments of error dealt with double jeopardy and were considered together and were not well taken.

We held that the defendant was not placed in double jeopardy because he did not have a trial. He was discharged because of an illegal arrest prior to trial, and this did not constitute double jeopardy. This was best evidenced by the transcript of testimony taken on April 6, 1972.

"The Court: Well, the law is very clear. To arrest someone for a misdemeanor, the crime has to be committed in the presence of the person making the arrest. The motion to suppress the evidence is sustained. The defendant is discharged.

"* * * *

"The Court: Look, Mr. Prosecutor, the law is the law. The statute says, and I know what you are saying, but the law says that in order to place an arrest for a misdemeanor, it has to be committed in the presence of the arresting officer. Now, they both admitted that they didn't see him driving.

"* * * *

"The Court: That is correct, and they had plenty of time to secure a warrant for D. W. I., and they didn't do it. They could have arrested him for intoxication.

"* * * *

"The Court: The law is the law, and you are bound by it the same as he is. * * *"

The third assignment of error was well taken. On April 6, 1972 the trial court ruled that the defendant's arrest was illegal because a warrant had not been obtained and the police officers had not seen the defendant driving the automobile. Because of this illegal arrest the result of the breathalyzer test was suppressed.

A breathalyzer test following an illegal arrest is not a valid test and cannot be used in a trial. The trial court was bound by its previous ruling, suppressing the illegally obtained breathalyzer test.

If there was an illegal arrest a breathalyzer test may not be given, but if the test was given following an illegal arrest, the results of the test must be suppressed and not used at the trial.

We held that the trial court committed prejudicial error in overruling the defendant's motion to suppress the results of the illegal breathalyzer test and in allowing it to be introduced as evidence against the relator.

The judgment of the trial court was reversed and the case remanded for further proceedings according to law. Following the reversal and remand, the trial court proceeded to reschedule the case for trial.

The relator then filed his complaint for a Writ of Prohibition on August 12, 1974 seeking to prohibit the Municipal Court of Cleveland Heights from conducting any further criminal proceedings against him.

Kenneth S. Nash, respondent in this action, filed a motion to dismiss the complaint in prohibition on the grounds that the complaint does not state a claim upon which relief can be granted and that there exists an adequate remely at law by way of appeal from any decision of the trial court.

The issues to be resolved in this case are: (1) does the Cleveland Heights Municipal Court have jurisdiction to hear this case? (2) may a person who is illegally arrested without a warrant for driving while intoxicated and who was discharged before trial be subsequently arrested with a warrant and tried for the same offense for which he was previously discharged? (3) does the relator have an adequate remedy at law, or should the Writ of Prohibition be granted? (4) if the Writ of Prohibition is not granted, and the defendant is tried for driving while intoxicated, may the results of the breathalyzer test and any other evidence obtained following the illegal arrest on August 25, 1971 be used at the trial?

### I.

There is no question that the Cleveland Heights Municipal Court has jurisdiction and authority to try cases in which persons are charged with driving while intoxicated

in violation of state law (R. C. 4511.19) or similar municipal ordinances (R. C. 1901.20).

## II.

A police officer may arrest a person without a warrant for a misdemeanor, such as driving while intoxicated, if he sees the offense being committed. R. C. 2935.03. Also see *State* v. *McCrory* (1972), 31 Ohio App. 2d 75; *City of Cincinnati* v. *O'Neil* (1965), 3 Ohio App. 2d 139.

Generally in a driving while intoxicated case, in violation of R. C. 4511.19, a police officer must see the person driving the car before he can arrest such person without a warrant; otherwise it is an illegal arrest. There is however an exception to this rule. A police officer may make a warrantless arrest of a person for driving while intoxicated even though the offense was not committed in the presence of the officer when the defendant admits to having driven the car and when it is obvious to the officer that the defendant is under the influence of alcohol. See *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271; and *Mentor* v. *Giordano* (1967), 9 Ohio St. 2d 140.

If a police officer makes an illegal arrest without a warrant, any evidence obtained as a result of such an illegal arrest may not be used at the trial. *State* v. *Timson* (1974), 38 Ohio St. 2d 122.

If the police officer does not see the person driving the car and the person has not admitted driving the car as in *Oregon* v. *Szakovits, supra,* it is necessary to obtain affidavits[a] and an arrest warrant before the person may be arrested for driving while intoxicated and tried for that offense. Naturally, any evidence lawfully obtained by the police officers may be used at the trial.

As noted above, the relator was illegally arrested without a warrant for driving while under the influence of alcohol by police officers who did not see him driving the car. An illegal breathalyzer test was administered. The trial court, prior to trial, suppressed the evidence and discharged the relator. However, subsequently, affidavits and

---

[a]Now referred to as a complaint under Criminal Rule 3.

warrants were issued and the relator was arrested and tried for the same alleged offense under state law. At the trial the court did admit into evidence the results of the illegal breathalyzer test that was taken following the illegal arrest on August 25, 1971.

We held in the appeal in the previous case that since there was an illegal arrest, the evidence obtained was also illegal and could not be used at the trial, and we reversed and remanded the case for further proceedings according to law.

The first question to be answered is whether a person who was illegally arrested without a warrant and discharged before trial may subsequently be arrested with a warrant and tried for the same offense for which he was previously discharged.

If a defendant is charged, tried and discharged, he cannot be rearrested upon an affidavit and warrant and retried for the same offense because to do so would put the defendant twice in jeopardy because jeopardy attaches in a trial the moment the jury is sworn. *Mitchell* v. *State* (1884), 42 Ohio St. 383. However, if the defendant was discharged before trial, as he was in this case, he would not have been placed in jeopardy, and he may be rearrested upon an affidavit and warrant and tried for the same offense.

The trial court granted the defendant's motion and discharged him on April 6, 1972, prior to trial, and therefore jeopardy did not attach at that time. Therefore, the arrest of the defendant on April 8, 1972 as a result of the warrant was a valid arrest and authorized the trial of the defendant for driving while intoxicated.

Further, the trial on the affidavit and arrest warrant then took place on May 30, 1972 and the defendant was found guilty of driving while intoxicated, and the intoxication charge was dismissed. This court reversed that judgment and remanded the case for further proceedings. This is not considered double jeopardy because of the reversal and remand. When a new trial is awarded on appeal, the accused shall stand for trial upon indictment as though

there had been no previous trial. R. C. 2945.82. See also, *State* v. *Robinson* (1956), 100 Ohio App. 466. If there had been a reversal of the trial court's judgment and final judgment entered for the defendant, and the defendant was discharged, any attempt to retry him for the same offense would be double jeopardy, but a reversal and remand for further proceedings resulting in a new trial is not considered double jeopardy.

Relator has not been placed in double jeopardy and he may be retried on the affidavit and warrant issued on April 8, 1972.

### III.

It is a well recognized principle of law that a Writ of Prohibition will not be issued if a relator has an adequate remedy at law. It is our holding that the relator herein does have an adequate remedy at law by way of appeal from any judgment entered by the trial court. Therefore, this court will not interfere with the Cleveland Heights Municipal Court's authority to try the defendant for driving while intoxicated in violation of R. C. 4511.19.

### IV.

The relator has also raised a question concerning evidence that may be used if a new trial is permitted. Inasmuch as the trial court declared on April 6, 1972 that there was an illegal arrest on August 25, 1971, all evidence obtained as a result of this arrest cannot be used at the trial. This includes the illegal breathalyzer test and any other illegally obtained evidence.

Because the relator has an adequate remedy at law, the respondent's motion to dismiss the complaint for a Writ of Prohibition is granted. The Writ is denied and the complaint is hereby dismissed.

*Writ denied.*

JACKSON and CORRIGAN, JJ., concur.