Kenneth Irvin Wise appeals his conviction for operating a motor vehicle without a license, failing to display license plates, and failure to wear a seatbelt. Wise contends that the Gallipolis Municipal Court did not have subject matter jurisdiction over the traffic violations, because Article I of the Ohio Constitution guarantees an unalienable right to travel, which the state cannot convert into a mere privilege by operation of a licensure-based traffic regulatory scheme. We disagree, because the Ohio Constitution vests the General Assembly with (1) the power to protect the safety and general welfare of the people, pursuant to which the General Assembly enacted licensure and seat belt laws, and (2) the power to establish municipal courts, pursuant to which the General Assembly conferred jurisdiction over traffic violations upon municipal courts. Therefore, we find that the trial court did not err by exercising jurisdiction over Wise. Accordingly, we affirm the judgment of the trial court.
 I.
Ohio State Highway Patrol Trooper William Webb observed Wise driving on Burkhart Lane in Gallipolis, Ohio. Upon noticing that Wise had no license plates on his car, Tpr. Webb stopped Wise and requested Wise to produce his driver's license and vehicle registration. Tpr. Webb noticed that Wise was not wearing his seatbelt. Wise did not possess license plates, a vehicle registration certificate, or a valid driver's license. Tpr. Webb investigated Wise's driving record, and learned that Wise's driver's license was under suspension.
Tpr. Wise issued citations for failure to display license plates and validations as required by R.C. 4503.21, failure to wear a seatbelt as required by R.C. 4513.263, and driving under suspension in violation of R.C. 4507.02(B).
Wise appeared before the Gallipolis Municipal Court for trial on May 20, 1998. The trial court found Wise guilty of all three traffic violations. Wise appeals, asserting the following assignment of error:
 JUDGMENT OF TRIAL COURT WAS IN WANT OF SUBJECT MATTER JURISDICTION.
 II.
Wise asserts that the trial court erred by exercising subject matter jurisdiction over this case. Wise bases his argument upon three premises: (1) that citizens possess an unalienable right to travel upon public roadways by car; (2) that the General Assembly cannot restrict that right by requiring licensure; and (3) that administrative agencies cannot restrict that right by acting as a "fourth branch" of government.
Article I of the Ohio Constitution vests the right to freedom in the people. Section 1, Article I, Ohio Constitution. Article II vests legislative power in the General Assembly. Section 1, Article II, Ohio Constitution. Legislative power includes "police power," the power to enact reasonable laws necessary to protect society's safety, health, order, and morals. MiamiCounty v. Dayton (1915), 92 Ohio St. 215; Homes, Inc. v. ButlerCty. Bd. of Zoning Appeals (1987), 35 Ohio App.3d 161.
Although almost every exercise of police power will interfere with individual freedoms, that exercise is valid so long as it is reasonable and bears a real and substantial relation to the public health, safety, and morals. Benjamin v. Columbus (1957),167 Ohio St. 103. The licensing of automobiles is a valid exercise of police power. Sterling v. Bowling Green (1904), 5 Ohio C.C. (N.S.) 217; 29 Ohio C.D. 604; Janes v. Graves (1913), 15 Ohio N.P. (N.S.) 17, 24 Ohio Dec. 55. Thus, the General Assembly possesses the power to limit an individual's freedom to drive by establishing a licensure requirement.
The General Assembly possesses the power to create inferior courts such as municipal courts. Section 1, Article III, Ohio Constitution; State ex rel. Fox v. Yeatman (1918), 89 Ohio St. 44. The power to create a court carries with it the power to define the court's jurisdiction. State ex rel. Ramey v. Davis
(1929), 119 Ohio St. 596. In R.C. 1901.01, the General Assembly established a municipal court in Gallipolis, Ohio. The General Assembly granted municipal courts jurisdiction over traffic violations occurring within their territory. R.C. 1901.20;Brady v. Howell (1977), 49 Ohio St.2d 195; State ex rel. Wilsonv. Nash (1974), 41 Ohio App.2d 201.
The General Assembly may not transfer the power to conduct its essential legislative functions to an administrative agency. Belden v. Union Cent. Life Ins. Co. (1944), 143 Ohio St. 329. However, the General Assembly may create an agency which is governed by standards established through legislative policy if it also establishes a procedure whereby the General Assembly may effectively review the agency's exercise of discretion. Blue Cross v. Ratchford (1980), 64 Ohio St.2d 256.
In this case, the General Assembly enacted traffic laws pursuant to its police power. The General Assembly also created a municipal court in Gallipolis, and conferred jurisdiction upon that court to hear traffic violation cases arising in its territory. Wise violated three traffic laws while driving in Gallipolis. We find as a matter of law that the trial court possessed subject matter jurisdiction over the charges against Wise.
With regard to Wise's extensive argument regarding a "fourth branch" of government, we note that Wise never named a state agency or specifically argued how that agency usurped legislative power. Based upon the record, it seems Wise believes that the Bureau of Motor Vehicles imposed the license requirements which he violated. In fact, the General Assembly imposed them. See R.C. 4503.21 and 4507.02(B). We discern no instance in this case where the Bureau of Motor Vehicles or any other state agency affected Wise's rights.
Because the General Assembly possesses the power to enact traffic regulations and municipal courts posses jurisdiction to enforce them, we find that the trial court did not err by exercising subject matter jurisdiction over this case. Accordingly, we overrule Wise's sole assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.:
Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.