DECISION.
Following a jury trial, defendant-appellee, Ernest Mobley, was convicted of possession of heroin pursuant to R.C. 2925.11(A). The trial court sentenced him to serve twelve months' incarceration and suspended his driver's license for four years. Mobley appealed to this court and we reversed his conviction, holding that the trial court had improperly instructed the jury on the definition of "reasonable doubt." On remand, the trial court dismissed the case over the objection of the prosecutor because Mobley had already "served his maximum sentence." The state has filed a timely appeal from that judgment. We have sua sponte
removed the case from the court's accelerated calendar and place it on the regular calendar.
In its sole assignment of error, the state contends that the trial court erred in dismissing the case over the prosecutor's objection. It argues that the entry dismissing the case did not sufficiently set forth the court's findings of fact and the reasons for the dismissal. It further argues that the defendant's service of his entire sentence did not render further prosecution moot, and therefore that the trial court erred in dismissing the case on that basis. We find this assignment of error to be well taken.
Crim.R. 48(B) provides that when a court dismisses a complaint over the objection of the prosecution, it must state on the record its findings of fact and the reasons for the dismissal.State v. Wright (July 24, 1996), Hamilton App. No. C-960019, unreported. In this case, the trial court stated in its entry that it was dismissing the case because Mobley had served his entire sentence and nothing more. The record does not contain the transcript of any hearing in which the trial court elaborated on its rationale for the dismissal. This cursory treatment was not sufficient to meet the requirements of Crim.R. 48(B). See Statev. Bound (1975), 43 Ohio App.2d 44, 48-49, 332 N.E.2d 366, 369;State v. Hays (Dec. 30, 1997), Mahoning App. No. 96 CA 108, unreported.
Moreover, the court's stated reason for the dismissal was incorrect. The trial court dismissed the case against Mobley presumably because it was moot since Mobley had already served his sentence. However, reliance on the mootness doctrine assumes the existence of a conviction. In this case, we had reversed Mobley's conviction and remanded the case for a new trial. A reversal of a conviction in a criminal case places the state and the defendant in the same position that they were in before trial, as though there had been no previous trial. State v. Liberatore (1982),69 Ohio St.2d 583, 433 N.E.2d 561, paragraph two of the syllabus;State ex rel. Wilson v. Nash (1974), 41 Ohio App.2d 201, 207-208,324 N.E.2d 774, 778. Consequently, there was no conviction of record at the time the trial court dismissed the charges, and the trial court's reliance on the mootness issue was premature in light of the procedural posture of the case.
Further, even if Mobley were to be reconvicted of the same charge, dismissal on the basis of the mootness doctrine would still be improper. Mobley was charged with possession of heroin in an amount less than or equal to one gram, which is a felony of the fifth degree. R.C. 2925.11(C)(6)(a). The Ohio Supreme Court has held that the mootness doctrine does not apply to felony convictions even if the accused has served his or her entire sentence. See State v. Golston (1994), 71 Ohio St.3d 224,643 N.E.2d 109, syllabus; State v. Welsh (Apr. 17, 1998), Hamilton App. No. C-970032, unreported. Consequently, the trial court erred in finding that the case was moot.
The Ohio Supreme Court has stated that a trial court may dismiss a case over the state's objection pursuant to Crim.R. 48(B), "if a dismissal serves the interest of justice." State v.Busch (1996), 76 Ohio St.3d 613, 615, 669 N.E.2d 1125, 1127-1128. But, see, State v. Louis (1998), 125 Ohio App.3d 352, 353-356,708 N.E.2d 745, 746-748; Cleveland v. Hogan (M.C. 1998), 92 Ohio Misc.2d 34,43, 699 N.E.2d 1020, 1026; State v. Shy (June 30, 1997), Pike App. No. 96 CA 581, unreported; Wright, supra. Because the trial court erred in finding that the case was moot, the dismissal did not serve the interests of justice. Accordingly, we sustain the state's assignment of error, reverse the decision of the trial court, and remand the case for further proceedings.
Judgment reversed and cause remanded.
 Doan, P.J., Gorman and Painter, JJ.
 Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.