## Commonwealth v. Porter

*Samuel F. Bonavita,* District Attorney, for Commonwealth.
*David W. Swanson,* for defendant.

WOLFE, *J.*, February 27, 1975—This case is one of first impression with this court involving the amendment to section 1204, arrests on view or with warrant, of The Vehicle Code of April 29, 1959, P.L. 58, sec. 1204, 75 PS §1204(a).

Section 1204 governing arrests on view was amended, effective July 20, 1974, providing:

"A peace officer may, upon view or upon probable cause without a warrant, arrest any person violating section 1037 of this act in cases causing or contributing to an accident.": 75 PS §1204(a), as amended by Act of July 20, 1974, P.L. 508 (no. 177).

Section 1037 makes it unlawful for any person to operate a motor vehicle while under the influence of intoxicating liquor or any narcotic drugs. The latest reported cases prior to the enactment to the amendment to section 1204 required the arresting officer to actually observe the defendant operating his vehicle or have it under his control before a warrantless arrest could be perfected and this, despite the fact defendant admitted he was the driver of the automobile: Commonwealth v. Jacoby, 226 Pa. Superior Ct. 19, 311 A. 2d 666 (1973).

Defendant in the instant case was charged with operating his motor vehicle while under the influence of intoxicating liquor by a Pennsylvania State Trooper who was called to the scene of an accident in which defendant was involved. The officer testified he formed an opinion defendant was under the influence by the manner of his gait, speech and instability after he arrived at the scene. Defendant was afforded his Miranda warnings and was agreeable to a breathalyzer examination which indicated a reading of .18 percent of blood alcohol, which defendant now requests we suppress.

Defendant, at the evidentiary hearing on the motion to suppress, candidly admitted he was under the influence but was of the opinion that the accident would have occurred as it did without the ingestion of alcohol. According to the opinion of the arresting officer, the state of intoxication of defendant contributed to the accident and defendant was intoxicated to such a degree he could not safely operate his vehicle.

The accident did minor damage to both vehicles and occurred when a vehicle turned into a private driveway and defendant came into contact with it in an attempt to pass.

We agree this is a very common type of accident and, we also agree, it could have occurred without the use of alcohol by defendant. We do not believe, however, this was the intent of the legislature. Many times police officers come upon accidents, some fatal, where there is no doubt one of the operators was under the influence and in some respect violated The Vehicle Code which was the proximate cause of the accident. Indeed, in most of these cases the survivors observed the manner in which the vehicle was operated, but the Commonwealth was barred from filing an arrest on view of driving under the influence when the officer did not observe defendant himself. We think the legislature has made an attempt to protect the public from this technicality and to face the realities of this situation.

Obviously each case will have to turn on its own facts and the court will have to resolve if the officer made a reasonable conclusion that there was probable cause to arrest an operator and to initially determine if the operator were under the influence of alcohol at the time of the accident to the degree it

either caused or contributed to the accident. We do not think the test is the accident may have happened in any event without the use of alcohol or the extent of the damage involved. But rather, it is a matter of observation on the officer's part of the operator's condition in relation to how the accident occurred. Obviously, if the operator is experiencing difficulty in standing, walking, slurred speech and unable to stand without assistance, we think it is reasonable that the officer can fairly conclude the ingestion of alcohol contributed to the proximate cause of the accident.

In this case there can be no doubt in our mind the section applies and therefore enter the following order:

## ORDER

And now, February 27, 1975, the motion to suppress the statements made by defendant to the arresting officer and the result of the breathalyzer examination is denied and the Commonwealth may use this evidence at time of trial. All records to be impounded.