GENERAL AMERICAN INVESTORS CO., INC. *v.*
COMMISSIONER OF INTERNAL REVENUE.

No. 114.    Argued February 28, 1955.—Decided March 28, 1955.

*Norris Darrell* argued the cause for petitioner. With
him on the brief was *John F. Dooling, Jr.*

*Solicitor General Sobeloff* argued the cause for respond-
ent.    With him on the brief were *Assistant Attorney Gen-
eral Holland, Charles F. Barber, Ellis N. Slack* and *Melva
M. Graney.*

MR. CHIEF JUSTICE WARREN delivered the opinion of
the Court.

The sole question presented by this case is whether a
payment is taxable as gross income when received by a
corporation pursuant to the "insider profits" provisions
of the Securities Exchange Act of 1934 [1] and the Invest-
ment Company Act of 1940.[2]    Subject to exceptions not
presently relevant, § 16 (b) of the Securities Exchange
Act provides that the profit realized from certain defined
securities transactions undertaken by a director or major
stockholder of the issuing corporation "shall inure to and
be recoverable by the issuer." [3]    This provision is made

---

[1] 48 Stat. 881, 15 U. S. C. § 78a.

[2] 54 Stat. 789, 15 U. S. C. § 80a–1.

[3] 48 Stat. 896, 15 U. S. C. § 78p.

applicable to investment companies by § 30 (f) of the Investment Company Act of 1940.[4] Under these provisions, petitioner, a registered closed-end investment company, received payments totalling $170,038.04. This sum represented the profits accruing to one of petitioner's directors and a stockholder through dealings covered by § 16 (b); the money was paid over to petitioner on demand and without litigation. The payments were not reported as income on petitioner's tax returns. The Commissioner of Internal Revenue allowed a $13,000 deduction for legal expenses incurred in recovering the amounts due but asserted à deficiency for the balance on the ground that the receipts constituted taxable gains under § 22 (a) of the Internal Revenue Code of 1939.[5] The Tax Court, 19 T. C. 581, and the Court of Appeals for the Second Circuit, 211 F. 2d 522, sustained the Commissioner's determination. We granted certiorari, 348 U. S. 812, because of an apparent similarity of issues here to those involved in *Commissioner* v. *Glenshaw Glass Co.*, 211 F. 2d 928 (C. A. 3d Cir.), and the possible conflict between that case and this.[6]

---

[4] 54 Stat. 837, 15 U. S. C. § 80a–29.

[5] "SEC. 22. GROSS INCOME.

"(a) GENERAL DEFINITION.—'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service . . . of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, *or gains or profits and income derived from any source whatever. . . .*" (Emphasis added.) 53 Stat. 9, 53 Stat. 574, 26 U. S. C. § 22 (a).

[6] There was, however, no disagreement among lower courts which faced the question of the taxability of a § 16 (b) recovery of "insider profits." See *Park & Tilford Distillers Corp.* v. *United States*, 123 Ct. Cl. 509, 107 F. Supp. 941; *Noma Electric Corp.*, 12 T. C. M. 1 (CCH Tax Ct. Mem., Dec. 1953).

We have this day decided that the recovery of punitive damages for fraud or antitrust violation is reportable as gross income within the meaning of § 22 (a). *Commissioner* v. *Glenshaw Glass Co., ante,* p. 426. The reasons which dictated that result are equally compelling here. We see no significant difference in the nature of these receipts which might make that ruling inapplicable. As in *Glenshaw,* the taxpayer realized the money in question free of any restrictions as to use. The payments in controversy were neither capital contributions nor gifts. Cf. *Texas & Pacific R. Co.* v. *United States,* 286 U. S. 285. There is no indication that Congress intended to exempt them from coverage. In accordance with the legislative design to reach all gain constitutionally taxable unless specifically excluded, we conclude that the petitioner is liable for the tax and the judgment is

*Affirmed.*

MR. JUSTICE DOUGLAS concurs in the result.

MR. JUSTICE HARLAN took no part in the consideration or decision of this case.