Commonwealth, Appellant, *v.* Reeves.

Argued September 14, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Charles C. Brown, Jr.,* District Attorney, for Commonwealth, appellant.

*John R. Miller,* for appellee.

OPINION BY HOFFMAN, J., November 16, 1972:

The Commonwealth appeals the trial court's suppression of the results of appellee's blood test. The lower court excluded this evidence because the blood test was administered incident to an unlawful arrest.

The appellee, Harry Reeves, was involved in a two car accident causing the death of another individual. After the appellee was taken to the hospital, a Pennsylvania State Policeman arrived at the scene of the collision and initiated an investigation. When the state trooper learned that the appellee was a party to the accident, the trooper proceeded to Centre Community Hospital to interview the appellee. The trooper placed the appellee under arrest at the hospital without first having obtained a warrant for his arrest. The appellee was later charged with operating a motor vehicle while under the influence of intoxicating beverages and involuntary manslaughter, both of which are misdemeanors.

A police officer may only make a warrantless arrest for a misdemeanor "where he has probable cause to be-

lieve that a misdemeanor *is being committed in his presence.*"[1] *Commonwealth v. Vassiljev,* 218 Pa. Superior Ct. 215, 219-220, 275 A. 2d 852 (1971) (emphasis added).[2]

This precept forbidding warrantless arrests for misdemeanors committed out of the presence of the arresting officer has roots in the Magna Carta which was promulgated in England in 1215. That famous declaration of human liberties stated: "No freeman shall be seized, or imprisoned, or dispossessed, or outlawed, or in any way destroyed; nor will we condemn him, nor will we commit him to prison, excepting by the legal judgment of his peers or by the laws of the land." Stringham, *Magna Carta: Fountainhead of Freedom,* p. 235 (1966). The English Courts long ago ruled that a constable could not arrest for a breach of peace done out of his sight. *Sharrock v. Hannemer,* Cro. Eliz. pt. 1, p. 375, 78 Eng. Reprint 622 (1970). This principle has so long been common knowledge that in 1899 the

---

[1] The Rules of Criminal Procedure set forth the following: "Rule 102 Institution of Proceedings. Criminal proceedings may be instituted by: . . . . 3. An arrest without a warrant when the offense is a felony or misdemeanor committed in the presence of the arresting person. 4. An arrest without a warrant when the offense is a summary offense under The Vehicle Code committed in the presence of a police officer, provided the police officer is in uniform."

[2] Judge Robert Lee JACOBS, the author of the Vassiljev opinion, has also enunciated the rule for this court in *Commonwealth v. Hargrave,* 212 Pa. Superior Ct. 167, 240 A. 2d 570 (1968) ; *Commonwealth v. Garrick,* 210 Pa. Superior Ct. 124, 232 A. 2d 8 (1967). This rule of law has been applied throughout this country for many years: *Jamison v. Gaernett,* 10 Bush 221 (Ky. 1874) ; *Roddy v. Finnegan,* 43 Md. 490 (1876) ; *Newark v. Murphy,* 40 N.J.L. 145 (1878) ; *North v. People,* 139 Ill. 81, 28 N.E. 966 (1891) ; *Butolph v. Blust,* 5 Lans. 84 (N.Y. 1871) ; *Stittgen v. Rundle,* 99 Wis. 78, 74 N.W. 536 (1898) ; *Ex Parte Rhodes,* 202 Ala. 56, 79 So. 462 (1918).

Michigan Supreme Court enunciated this rule and said that the concept was so elementary that no authorities need be cited for the proposition. *Tillman v. Beard,* 121 Mich. 475, 80 N.W. 248 (1899).

In *Pinkerton v. Verberg,* 78 Mich. 573, 44 N.W. 579 (1889), a police officer made a warrantless arrest of a woman for the misdemeanor of prostitution. The arrest was based solely upon rumors concerning the woman's reputation. The court ruled that the arrest was illegal: "If persons can be restrained of their liberty, and assaulted and imprisoned, under such circumstances, without complaint or warrant, then there is no limit to the power of a police officer . . . The Constitution and the laws are framed for the public good, and the protection of all citizens, from the highest to the lowest; and no one may be restrained of his liberty, unless he has transgressed some law. Any law which would place the keeping and safe conduct of another in the hands of even a conservator of the peace, unless for some breach of the peace committed in his presence, or upon suspicion of felony, would be most appressive and unjust, and destroy all the rights which our Constitution guarantees. These are rights which existed long before our Constitution, and we have taken just pride in their maintenance, making them a part of the fundamental law of the land." 78 Mich. 584, 44 N.W. at 582-583.[3]

The trial court properly suppressed the results of the blood test which was administered incident to an unlawful arrest. Since the accident had occurred and the appellee was at the hospital when the state trooper

---

[3] Warrantless arrests can be made for felonies because those offenses are of such a grave nature that public safety and the prompt apprehension of a criminal charged with the heinous act necessitate the suspension of the requirement that an arrest only be made with a warrant. *In Re Kellam,* 55 Kan. 700, 41 P. 960 (1895).

arrived at the scene of the collision, the misdemeanor was not committed in the officer's presence. Thus, this court affirms the decision of the lower court to suppress the results of the blood test.

WRIGHT, P. J., dissents.

CONCURRING OPINION BY PACKEL, J.:

I agree that the suppression order should be affirmed because the blood test for intoxication was not incident to a lawful arrest. It is to be regretted that a police officer may not make a warrantless arrest for driving while under the influence of liquor or drugs if the misdemeanor is not committed in his presence. Act of April 29, 1959, P. L. 58, §1204(a), 75 P.S. §1204(a); Pa. R. Crim. P. 102(3).

President Judge CAMPBELL, in the court below, very forceably expressed his great concern as follows: "We sincerely regret the present status of the law as it pertains to arrests for driving under the influence, especially in one car accidents. We implore the legislature to act promptly to correct this situation by statute." I join in that exhortation for a change by the legislature, with an appropriate revision of the criminal rules by our Supreme Court.