Commonwealth, Appellant, *v.* Brown.

Argued December 5, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Martin J. King,* Assistant District Attorney, with him *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellant.

*Richard P. McBride,* with him *William B. Moyer,* and *Power, Bowen & Valimont,* for appellee.

OPINION BY WATKINS, J., March 27, 1973:

This is an appeal by the Commonwealth of Pennsylvania from an order of the Court of Common Pleas of Bucks County suppressing the results of a blood test. The defendant, David R. Brown, was indicted for operating a motor vehicle under the influence of intoxicating liquor and for involuntary manslaughter resulting from an accident.

The question, on appeal, is whether the blood test was administered incident to a lawful arrest and whether it was consented to by the defendant.

The facts are as follows: On November 15, 1970, at about 2:30 a.m., two successive accidents occurred in Hulmeville Borough, Bucks County. The first was a collision between two vehicles in which the defendant was not involved. Subsequently, the vehicle operated by the defendant crashed into the wreckage of the first

two vehicles. As a result of the second accident, a person named Mitchell was killed.

A police officer of the Borough of Hulmeville, not in uniform, arrived on the scene to investigate the accidents. The officer was advised by a bystander that the defendant had been the operator of the vehicle and that he appeared to be intoxicated. The defendant was not in the automobile and the officer found him standing among the spectators. The officer's opinion based on his observation of the defendant was that he was under the influence. The defendant admitted he had several beers. He placed him under arrest for operating a motor vehicle while under the influence. At this point, there was no knowledge or indication of the death of Mitchell.

After the arrest, the officer asked the defendant to submit to a breath alcohol test by which the officer referred to a chemical-breath test. The defendant inquired as to his right not to submit and was told by the officer that such refusal would result in the suspension of his license.

The defendant then consented and was taken to the State Police Barracks. However, there was no one at the barracks at that time qualified to administer the test. He was then taken to Lower Bucks County Hospital where blood was drawn and analyzed. The results of this test indicated intoxication. This the defendant sought to suppress. The court below suppressed the evidence because it was not consented to or incident to a lawful arrest.

Operating under the influence is a misdemeanor and the arrest would have been valid only if the officer had probable cause to believe it was committed in his presence. *Commonwealth v. Laniewski*, 427 Pa. 455, 235 A. 2d 136 (1967) ; *Commonwealth v. Vassiljev*, 218 Pa. Superior Ct. 215, 275 A. 2d 852 (1971) ; *Commonwealth*

v. *Garrick*, 210 Pa. Superior Ct. 124, 232 A. 2d 8 (1967). The Commonwealth receives no help from Section 1204 of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. 1204. This section authorizes a police officer, in uniform, to make an arrest "on view". However, the officer in the instant case was not in uniform and it is difficult to interpret "upon view" any differently than "in his presence". *Johnson License*, 52 Pa. D. & C. 2d 577, 582 (1971).

The Commonwealth contends that "a distorted, inequitable and unreasonable result will be achieved in this case if the Court holds that this officer should have left this scene and obtained an arrest warrant for the defendant" and urges upon us that a more liberal interpretation of the term "in his presence" to include "reliable information" and also to "reject any narrow historical distinction between misdemeanors and felonies depending on the definition of crimes by legislative fiat."

However, this Court held in *Commonwealth v. Pincavitch*, 206 Pa. Superior Ct. 539, 214 A. 2d 280 (1965) that there is no authority that justifies an arrest without a warrant for a misdemeanor committed beyond the presence of the arresting officer in the absence of a statute giving that right. The liberal approach prayed for by the Commonwealth should come from the legislature.

In *Commonwealth v. Kallus*, 212 Pa. Superior Ct. 504, 243 A. 2d 483 (1968), a conviction was sustained where the defendant was found behind the steering wheel of the vehicle standing in the snow with the engine running and the rear wheels spinning. The Court held that would be sufficient to hold that the defendant was in actual physical control of the vehicle. In the instant case, the defendant was at no time observed by the officer in a position of control of the automobile.

He found the defendant among a group of bystanders. He arrived at an indefinite time after the accidents and his knowledge and belief as to the defendant's involvement was received from another bystander and not by anything observed by him through the use of his senses.

The taking of a blood sample would constitute a reasonable search if incident to a lawful arrest. *Schmerber v. California*, 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966). It is just as clear that when not incident to a lawful arrest the taking of a blood sample constitutes an unreasonable search. *Commonwealth v. Murray*, 441 Pa. 22, 271 A. 2d 500 (1970).

As to the question of consent, we adopt the language of Judge Robert M. Mountenay, the Opinion Writer below, where he states the following: "It might be argued that defendant had consented to the test. However, even had the consent not been tainted by the unlawful arrest—a question which we do not answer—defendant consented at most to a chemical breath test. And even if defendant's continued acquiescence after learning that the test to be administered was to involve the taking of a blood sample can be regarded as a consent to such test, the consent still would not have been valid. This is because Nicastro initially induced the consent by telling defendant that his license would be suspended if he refused to submit. However, the automatic suspension feature of Section 624.1(a) of The Vehicle Code is applicable only to refusal to submit to a chemical breath test, not to the drawing of blood. See discussion in Commonwealth v. Smith, Jr., 6 Commonwealth Ct. 78 (1972). Therefore, we conclude that the defendant did not consent to a test involving the taking of any blood sample. Cf. Commonwealth v. Brenner, 54 Pa. D. & C. 2d 635, 637 (1971)."

The order of the court below is affirmed.

Spaulding, J., concurs in the result.

Wright, P. J., dissents.