Commonwealth *v*. Jacoby, Appellant.

20

Submitted September 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*John D. DiGiacomo*, Public Defender, for appellant.

*Salvador J. Salazar*, Assistant District Attorney, and *Charles H. Spaziani*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 16, 1973:

This is an appeal from a judgment of sentence for operating a vehicle while intoxicated. Appellant contends that the arrest without a warrant was invalid, and that evidence seized as a result thereof should have been suppressed.

The record reveals that the police officer when he came to the scene of the accident observed a car hanging over the 4th Street bridge in Bethlehem. The appellant, Jacoby, was standing outside the car. The officer asked Jacoby if he was the driver of the car and the appellant answered affirmatively. Appellant was then taken to St. Luke's Hospital for medical treatment. At the hospital he was arrested, without a warrant, and given his warnings. He also signed a consent form for a blood sample, which showed a blood alcohol content of .20%.

The Pennsylvania Vehicle Code provides: "[p]eace officers, . . . may arrest, *upon view,* any person violating any provisions of this act, where the offense is designated a felony or a misdemeanor. . . ."[1] (Emphasis added.) The lower court held that an arrest is made "on view" where the defendant is intoxicated at the time of the arrest and admits that he was driving the vehicle. We disagree. In *Commonwealth v. Reeves,* 223 Pa. Superior Ct. 51, 297 A. 2d 142 (1972), a case apposite to the instant case we said at 52-54: "[a] police officer may only make a warrantless arrest for a misdemeanor 'where he has probable cause to believe that a misdemeanor is being committed in his presence' . . . [and] [t]his principle has so long been common knowledge that in 1899 the Michigan Supreme Court enunciated this rule and said that the concept was so elementary that no authorities need be cited for the proposition."

Here the officer arrived on the scene after the accident, never saw the appellant driving the car, and first saw the appellant standing outside the car. We understand the legislative standard to be that an officer may arrest without a warrant *only* "upon view" of the misdemeanor. We cannot accept the conclusion of the trial

---

[1] Act of April 29, 1959, P. L. 58, §1204, 75 P.S. §1204. See also Pa. R. Crim. P. 102(3).

court that the statutory requirement may be ignored by the existence of an incriminating statement by the appellant. We believe such a statement could and would be too readily open to abuse. Furthermore, the blood sample is inadmissible because it was taken incident to this unlawful arrest, *Commonwealth v. Reeves*, supra.

The judgment of sentence is reversed, and the case remanded for a new trial.

WRIGHT, P. J., would affirm on the opinion of the court below.