Commonwealth *v.* Modich, Appellant.

Argued November 14, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Allen N. Brunwasser,* for appellant.

*Joseph M. Stanichak,* Assistant District Attorney, with him *Joseph S. Walko,* District Attorney, for Commonwealth, appellee.

Opinion by Hoffman, J., March 31, 1975:

Appellant contends that the results of a chemical breath test, obtained as the fruit of an illegal arrest, were improperly introduced into evidence at his trial for driving while under the influence of alcohol.

At approximately 10 o'clock on the night of January 20, 1973, while driving through Beaver Borough, appellant became involved in an automobile accident with a truck driven by one Frank Legnine. Two Beaver police officers, Stephen Kasely and Nick Opsanic, arrived at the scene. Officer Kasely testified that when he first observed appellant, he had his head inside and his feet outside his car. Neither officer actually observed appellant driving the car. Appellant came over to Kasely and demanded that the other driver be arrested. According to Kasely, appellant "smelled of liquor," "had an unsteady gait," and "was very combative." Kasely testified that appellant "tried to start an argument with the truck driver [Legnine] three or four times." Officer Opsanic testified that appellant repeatedly harassed the two officers and interfered with their efforts to investigate the accident and clear up traffic. Officer Kasely testified that the resulting "commotion" attracted a number of bystanders. At approximately 10:30, Officer Kasely placed appellant under arrest for disorderly conduct and drunken driving, and gave appellant his *Miranda* warnings. After the officers cleared up the traffic jam, they took appellant to the Beaver police station, where he was again advised of his *Miranda* rights. At the police station, appellant was unwilling to take a chemical breath test without talking to his attorney. Appellant's attorney advised him, over the telephone, that if he refused to take a breath test, his license would be suspended. Appellant then took the test.

On February 21, 1973, appellant was convicted by a magistrate of disorderly conduct under a Beaver Borough ordinance, fined thirty dollars plus costs, and

bound over to a grand jury on charges of drunken driving[1] and of assault and battery (which Legnine alleged appellant had committed against him). On May 8, 1973, the grand jury indicted appellant on these two charges. On June 5, 1973, the court below denied appellant's motion to suppress the admission of the results of the breath test into evidence. On June 8, 1973, a jury returned a verdict of guilty on the drunken driving charge, but acquitted appellant of the assault and battery charge. Post-trial motions were denied. This appeal followed.

The Vehicle Code, Act of April 29, 1959, P.L. 58, §624.1, added July 28, 1961, P.L. 918, §1, as amended, 75 P.S. §624.1, provides that "(a) [a]ny person who operates a motor vehicle . . . in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood: Provided, That the test is administered by qualified personnel and with equipment approved by the secretary at the direction of a police officer having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor . . . . *If any person is placed under arrest and charged with the operation of a motor vehicle . . . while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so*, the test shall not be given but *the secretary may suspend his license* or permit to operate a motor vehicle . . . with or without a hearing . . . .[2]

---

1. "It shall be unlawful for any person to operate a motor vehicle . . . while under the influence of intoxicating liquor or any narcotic drug or habit producing drug . . . Any person violating the provisions of this section, shall be guilty of a misdemeanor . . ." Act of April 29, 1959, P.L. 58, §1037, 75 P.S. §1037.

2. Although the statute, by its terms, only gives those persons under arrest an option to refuse to take the breath test, we have held that this option, as well as the dual penalties of license revocation and introduction of the refusal to take the test at trial,

"(h) The refusal to submit to a chemical test may be admitted into evidence as a factor to be considered in determining innocence or guilt." (Emphasis supplied.)[3]

The Commonwealth admits that the initial arrest of appellant was illegal.[4] The Vehicle Code, Act of April 29, 1959, P.L. 58, No. 32, §1204(a), 75 P.S. §1204(a), provides that "[p]eace officers, when in uniform and displaying a badge or other sign of authority, may arrest, *upon view*, any person violating any of the provisions of this act, where the offense is designated a felony or a misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person . . . ."[5] (Emphasis supplied.) As the officers did not actually observe appellant driving his car, they illegally arrested him for drunken driving. *Commonwealth v. Brown*, 225 Pa. Superior Ct. 289, 302 A. 2d 475 (1973) ; *Commonwealth v. Reeves*, 223 Pa. Superior Ct. 51, 297 A. 2d 142 (1972). A chemical test obtained as a result of such an illegal arrest must be suppressed. *Commonwealth v. Brown,* supra; *Commonwealth v. Reeves,* supra. Nevertheless, the

---

applies to any person required to take a breath test on "reasonable grounds." *Commonwealth v. Wolpert,* 224 Pa. Superior Ct. 361, 308 A. 2d 120 (1973).

3. We have held that this statute is constitutional. *Commonwealth v. Robinson,* 229 Pa. Superior Ct. 131, 324 A. 2d 441 (1974).

4. The Commonwealth does not argue that appellant's breath test was incident to a lawful arrest for disorderly conduct.

5. This act was suspended effective January 1, 1974, by Rule 159, Pa. R. Crim. P., insofar as it was inconsistent with Rule 101, Pa. R. Crim. P. Rule 101(3) allows "an arrest without a warrant when the offense is a felony or misdemeanor *committed in the presence of the police officer making the arrest.*" (Emphasis supplied.) This rule was recently changed by the Act of July 20, 1974, P.L. 522, No. 177, which amends §1204(a) to allow "[a] peace officer . . . upon probable cause without a warrant [to] arrest any person violating section 1037 of this act [driving under the influence] in cases causing or contributing to an accident." This amendment took effect immediately upon passage.

Commonwealth contends that appellant's consent to take the breath test at the police station vitiated the initial illegal arrest.

Evidence obtained as the result of an illegal arrest must be suppresed as "fruit of the poisonous tree." *Wong Sun v. United States,* 371 U.S. 471 (1963); *Commonwealth v. Mackie,* 456 Pa. 372, 320 A. 2d 842 (1974). "[O]nce the primary illegality — here the illegal arrest — is established, the burden is on the Commonwealth to establish that [the evidence sought to be introduced] has been come at 'by means sufficiently distinguishable to be purged of the primary taint' rather than 'by the exploitation of that illegality.'" *Betrand Appeal,* 451 Pa. 381, 389, 303 A. 2d 486, 490 (1973) citing *Wong Sun,* supra, at 488. "To be effective, consent to a search and seizure must be voluntarily given with the total absence of duress or coercion, express or implied." *Commonwealth v. Pichel,* 229 Pa. Superior Ct. 103, 106, 323 A. 2d 113 (1974), citing *Commonwealth v. Harris,* 429 Pa. 215, 221, 239 A. 2d 290 (1968).

The Commonwealth contends that appellant's agreement to take the breath test after learning that the alternative was the suspension of his license indicates that his choice was voluntary and unconstrained. Appellant was advised by his attorney that if he refused to take the test, his license would be suspended. The Commonwealth Court has held that a person placed under arrest and charged with drunken driving may have his license suspended if he refuses to submit to a chemical breath test, no matter how unlawful the arrest. *Commonwealth v. Miles,* 8 Comm. Ct. 544, 304 A. 2d 704 (1973).[6] Thus, appellant's dilemma was the product of his arrest. Appellant should not be forced to make such a choice solely be-

---

6. The Commonwealth Court has stated repeatedly that a stricter standard must be applied in criminal cases. *Bureau of Traffic Safety v. Drugotch,* 9 Comm. Ct. 460, 308 A. 2d 183 (1973); *Commonwealth v. Miles,* supra.

cause of an unlawful arrest. Moreover, if the Commonwealth's logic were to be followed to its conclusion, even the appellant's refusal to submit to the test while under illegal arrest, had he so chosen, would have been held "voluntary" and admissible at trial under §624.1(h).[7] Appellant's "free" choice, on a closer examination, turns out to be Hobson's choice, and the inadmissible fruit of the illegal arrest.[8]

As we have determined that the trial judge erred in admitting the results of appellant's chemical breath test, appellant must be granted a new trial.[9]

Judgment of sentence reversed and new trial granted.

PRICE and VAN DER VOORT, JJ., dissent.

---

7. The Commonwealth argues in its brief that appellant believed that a refusal to take the test, made while under unlawful arrest, would be admissible against him at trial.

8. The Commonwealth's behavior in this case is contrary to our holding in *Commonwealth v. Quarles*, 229 Pa. Superior Ct. 363, 389-390, 324 A. 2d 452 (1974) that, absent "exceptional circumstances," "[t]o transport a person to a place where a test of his blood or breath will be conducted, a lawful arrest is required . . ." Had appellant not been placed under arrest, he might properly have been subjected to a breath test at the scene of the accident, but not at a remote place and time. *Commonwealth v. Quarles*, 229 Pa. Superior Ct. at 389, 324 A. 2d at 466.

9. Appellant also claims that under the rule announced in *Commonwealth v. Campana*, 452 Pa. 233, 304 A. 2d 432 (1973), 414 U. S. 808 (1973), 455 Pa. 622, 314 A. 2d 854 (1974), he could not properly be prosecuted for drunken driving after being convicted of disorderly conduct on February 21, 1973. In *Commonwealth v. Beam*, 227 Pa. Superior Ct. 293, 301, 324 A. 2d 549 (1974), we held that the *Campana* rule "should be applied only in those cases in which the *first* prosecution is brought *after* the date that case was decided." (Emphasis supplied.) As appellant's first conviction occurred in February, 1973, he cannot take advantage of the *Campana* rule, which was first handed down by our Supreme Court on May 4, 1973.