## Commonwealth *v.* Kirkutis, Appellant.

Submitted September 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Blythe H. Evans, Jr.*, for appellant.

*Joseph C. Giebus,* Assistant District Attorney, and *Patrick J. Toole, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., March 31, 1975:

Appellant was convicted of driving under the influence of intoxicating liquor.[1] He claims on this appeal that the results of a breathalyzer test should have been suppressed because the test was conducted pursuant to an illegal arrest. We agree and reverse for a new trial.

On April 9, 1973, a car being operated by Mrs. Irene Andresky was, while stopped, struck in the rear by another car. Mrs. Andresky testified that appellant had been driving the other car, and that after the accident he had gotten out of his car and discussed the accident with her. In her opinion, he was intoxicated at the time. There was no one else in his automobile. Mrs. Andresky's daughter, who had been a passenger in her car, corroborated this testimony. Officer Valentine Andreoli of the Wilkes-Barre police went to the scene of the accident in response to a call. He testified that when he arrived, appellant was in the front seat of his car: "Strong odor

---

1.  Act of April 29, 1959, P.L. 58, §1037, 75 P.S. §1037.

of alcohol, very incoherent, didn't remove himself from the car, he had to be removed from the automobile, his speech was slurred, actually, communication was nil." The officer removed appellant from his car, informed him of his rights, and took him back to the police barracks for a breathalyzer test. The test indicated a blood alcohol reading of 0.26.

At the outset of the trial, the Commonwealth stipulated that the arrest of appellant "was without a warrant for arrest and not upon view." When appellant's counsel argued that the arrest was therefore illegal, the court ruled: "I am told now that they do have a witness [Mrs. Andresky] who will testify that she saw Defendant driving the car and based on that information passed on to the officer he would then have probable cause to believe a misdemeanor was committed. We will go into a hearing on that basis."

Driving under the influence of intoxicating liquor is a misdemeanor, and at the time of this accident a warrantless arrest for this offense could only be made when the arresting officer had probable cause to believe that the offense had been committed in his presence. Act of April 29, 1959, P.L. 58, §1204, 75 P.S. §1204.[2] *See Commonwealth v. Kloch,* 230 Pa. Superior Ct. 563, 327 A.2d 375 (1974); *Commonwealth v. Quarles,* 229 Pa. Superior Ct. 363, 324 A.2d 452 (1974); *Commonwealth v. Jacoby,* 226 Pa. Superior Ct. 19, 311 A.2d 666 (1973); *Commonwealth v. Brown,* 225 Pa. Superior Ct. 289, 302 A.2d 475 (1973); *Commonwealth v. Reeves,* 223 Pa. Superior Ct. 51, 297 A.2d 142 (1972). Neither the testimony of other witnesses to the incident, *Commonwealth v. Brown, supra,*

---

2. This provision was recently amended by the Act of July 20, 1974, P.L. 522, No. 177, §2 (Purdon's Leg. Serv. 1974 at page 509), which changes §1204(a) to allow "[a] peace officer . . . upon probable cause without a warrant [to] arrest any person violating section 1037 of this act [driving under the influence] in cases causing or contributing to an accident."

nor an incriminating statement by the alleged driver, *Commonwealth v. Jacoby, supra,* could serve as a substitute for the officer's presence in the determination of the legality of the arrest.

The Commonwealth's theory, accepted by the trial judge, that the arrest was legal, not because the offense occurred in the arresting officer's presence, but because the testimony of the civilian witness was sufficient, was directly contrary to the holding of *Commonwealth v. Brown, supra.* The results of the breathalyzer test, being the product of an illegal arrest, should therefore have been suppressed.[3] *Commonwealth v. Mackie,* 456 Pa. 372, 320 A.2d 842 (1974) ; *Commonwealth v. Jacoby, supra; Commonwealth v. Brown, supra; Commonwealth v. Reeves, supra.*

Judgment of sentence reversed and a new trial granted.

PRICE and VAN DER VOORT, JJ., dissent.

---

3. Because of the Commonwealth's stipulation and the resulting incompleteness of the record, we do not decide whether the arrest might have been upheld because, when the officers arrived, appellant was still "operating" his car. *Compare Commonwealth v. Kloch, supra.*