Commonwealth *v.* Cairns, Appellant.

Argued June 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Calvin S. Drayer, Jr.,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., April 22, 1975:

Appellant argues that he should be given a new trial because his conviction for operating a motor vehicle while intoxicated was secured in part by the introduction of illegally seized evidence, *i.e.,* the results of a Mobat sobermeter test.

At the hearing on appellant's motion to suppress, the Commonwealth presented the testimony of the arresting officer, Ruben Whittington of the Norristown Police Department. This testimony may be summarized as follows: On July 28, 1972, about 8:00 p.m. appellant's car smashed into the rear of a parked car belonging to and occupied by one David McKissic. The accident occurred near DeKalb and Summit Streets in Norristown. Officer Whittington and a fellow officer arrived on the scene in approximately five minutes. By that time, however, both appellant and McKissic were out of their cars. While questioning them, Officer Whittington noticed that appel-

lant's gait was unsteady, his eyes were "red and glassy," and he smelled of alcohol. Acting on this information, the officer informed appellant that he believed him to be "under the influence." The officer then turned to McKissic and asked him if he would sign a criminal complaint against appellant. The officer explained to McKissic that he needed a warrant in order to arrest appellant and ask him to take a breathalyzer test. McKissic agreed to sign a complaint. Appellant was then "given his rights and placed under arrest," and the officer, appellant, and Mc-Kissic proceeded to the office of District Justice George W. ZEIGLER, JR. There the officer "got a criminal complaint warrant" and "[g]ave [appellant] a copy [of the warrant]," which looked like "a standard criminal complaint form;" "I believe it's a blue sheet." Appellant was then taken to Norristown City Hall, where he submitted to a Mobat sobermeter test, which indicated a blood-alcohol level of 0.154%.

In order to appraise this testimony it is necessary to consider the "Criminal Docket and Transcript" of appellant's preliminary hearing, and the accompanying papers. These were before the hearing judge on appellant's motion to suppress, and are part of the record before us. The preliminary hearing was on August 16, 1972, and was before Justice of the Peace Robert A. SARACINI in Norristown.

The criminal docket and transcript contains the following imprint: "Summons issued ...................." The blank has been filled in with the typewritten statement, "Arrest 7/28/72." Left empty are blanks beside "Summons served," "Warrant issued," and "Warrant served." Among the papers accompanying the docket and transcript there is a copy of the complaint. It is marked "original." It contains the signature of Officer Whittington as the affiant (not McKissic's signature). There is impressed on it the stamp of the signature of "George W. ZEIGLER, JR." He is described as the "Issuing Author-

ity," and his signature stamp appears under the certification that the complaint was properly sworn to and that there was probable cause for the issuance of the warrant. There is no warrant or return of service among the accompanying papers.

Appellant's attorney argued at the suppression hearing that Officer Whittington's testimony was inadequate to prove that a warrant had been served upon appellant. The hearing judge demanded the warrant. The assistant district attorney responded: "Well, the warrant is not in the clerk of court's file, and, Squire SARACINI, to the best of my recollection, and to the best of my ability, has not been able to produce it for the Commonwealth as of this time." He added: "I think the court can also take judicial notice of the fact that the warrant for arrest and the criminal complaint are all part of one pull-out form." The hearing judge did not expressly respond to this argument but evidently he rejected it, for he ruled that the officer's testimony was sufficient to establish that appellant had been served with a warrant. It is the correctness of this ruling that is at issue on this appeal. This is so because if there was no warrant, appellant's arrest was illegal, and the results of the sobermeter test should have been suppressed.

One who operates a motor vehicle while under the influence of intoxicating liquor commits a misdemeanor. The Vehicle Code, Act of April 29, 1959, P.L. 58, §1037, 75 P.S. §1037. "A police officer may only make a warrantless arrest for a misdemeanor 'where he has probable cause to believe that a misdemeanor *is being committed in his presence.' Commonwealth v. Vassiljev,* 218 Pa. Superior Ct. 215, 219-220, 275 A.2d 852, 854 (1971) (emphasis added)." *Commonwealth v. Reeves,* 223 Pa. Superior Ct. 51, 52-53, 271 A.2d 142, 143 (1972). *See also* The Vehicle Code, *supra,* §1204(a), 75 P.S. §1204(a) (warrantless arrests can be made "upon view").[1] Since Officer

---

1. Section 1204(a) of The Vehicle Code was amended by

Whittington did not see appellant operating his car, he could not make a warrantless arrest of appellant (as, indeed, his testimony before the hearing judge shows he knew).

The burden of proving that a warrant was secured and served rested on the Commonwealth. Pa. R. Crim. P. 323 (h). In determining whether the Commonwealth met its burden, it is necessary to consult the Pennsylvania Rules of Criminal Procedure. At the time of appellant's arrest, Rule 112[2] specified the form that every warrant of arrest should take. Rule 125 provided that "[e]ach issuing authority shall maintain a docket in which to record the proceedings in all cases," Pa.R.Crim.P. 125 (a), and that the docket should contain, *inter alia,* "the date of the issuance of any citation, summons or warrant of arrest and the return of service thereon," Pa.R.Crim.P. 125 (b) (5). Rule 126 required the issuing authority to prepare and transmit "to the clerk of the proper court" a transcript of the proceedings before him, and to attach to the transcript the "original complaint" and "the summons or the warrant of arrest and its return." Pa.R. Crim.P. 126 (b) (1) and (b) (2). Rule 128 provided: "If an issuing authority refuses or fails to transmit the papers as required by these rules, the court may issue a subpoena to compel their production."

In the present case the issuing authority, District Justice ZEIGLER, did not prepare a docket in compliance with Rule 125, for the docket does not state either the

---

the Act of July 20, 1974, P.L. 522, No. 177, §2 (Purdon's Leg. Serv. 1974 at page 509), to allow a police officer to make an arrest for driving while intoxicated either "on view" or "in cases causing or contributing to an accident."

2. The Rules of Criminal Procedure were amended on September 18, 1973, effective January 1, 1974. Rule 112 as renumbered and amended is now Rule 120. Rule 125 as renumbered and amended is now Rule 26. Rule 126 as renumbered and amended is now Rule 146. Rule 128 as renumbered is now Rule 148 (this rule was not amended).

date the warrant was issued or the date it was served. Moreover, although a copy of the original complaint is attached to the transcript, neither the warrant nor its return is attached as required by Rule 126. The assistant district attorney's argument to the hearing judge on the motion to suppress, that the complaint, warrant, and return are part of the same "pull-out form," was beside the point. Apart from the fact that he failed to introduce into evidence a copy of the form, a copy of the form would not prove that the warrant page of the form had been served on appellant.

It may be that these difficulties could have been overcome had the Commonwealth asked the hearing judge to issue a subpoena, as provided by Rule 128, to compel the issuing authority to transmit the papers that the rules required be kept on file. However, the Commonwealth made no such request. Instead, the assistant district attorney simply stated to the hearing judge that "Squire SARACINI, to the best of my recollection, and to the best of my ability, has not been able to produce it [the warrant] . . . ."

Rules are promulgated to be complied with. The record discloses no reason for the failure to comply with them here, nor for the hearing judge's failure to insist upon compliance. As it is, we cannot tell whether a warrant was issued and served on appellant or not. We must therefore regard appellant's arrest as having been made without a warrant.[3] As such, it was an illegal arrest, and results of the sobermeter test should have been suppressed. *Commonwealth v. Reeves, supra.*

The judgment of sentence is vacated and the record remanded for a new trial.

PRICE, J., dissents.

---

3. In view of this fact we need not decide whether, had the officer actually gotten a warrant at the office of the district justice, he could have validly arrested appellant then, or whether the arrest had already occurred at the scene of the accident.