STATE of South Dakota, Plaintiff
and Respondent,

v.

James A. FAHEY, Defendant
and Appellant.

No. 12343.

Supreme Court of South Dakota.

March 1, 1979.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

William J. Srstka, Jr., of Duncan, Olinger, Srstka, Maher & Lovald, Pierre, for defendant and appellant.

PER CURIAM.

This is a DWI case. It is before us on appeal regarding the propriety of the circuit judge receiving into evidence the results of James Fahey's breathalyzer test. The blood alcohol was 0.22%. The trial court denied a motion to suppress. We are convinced that Fahey's contention that the trial court erred is without merit.

Fahey consented to a breathalyzer test after his arrest for DWI on May 5, 1977. Two preliminary hearings were held herein. The first was held on May 20, 1977, before a law-trained magistrate. The law-trained magistrate granted Fahey's motion to dismiss. The second was held on June 7, 1977, before a circuit judge and Fahey was bound over for trial.

At the conclusion of the first preliminary hearing, the law-trained magistrate expressed: "To the extent the State disagrees with me and feels strongly about pushing this matter further, I would suggest it be scheduled for preliminary hearing before a different Judge next time, but I am going to grant the Motion (to dismiss)." Counsel for Fahey indicated "very good, Your Honor." Fahey proceeded into the second preliminary hearing willingly and without objection and upon a new warrant of arrest and new preliminary information.

A jury trial was set for July 22, 1977. Fahey waived jury trial and consented to a court trial. Both counsel for the State and

Fahey agreed to stipulate into evidence the preliminary hearing transcript of June 7, 1977. There were no witnesses called. Both sides rested. Fahey and the State then stipulated that the State need not lay a foundation for the breathalyzer test and further stipulated the results of the blood alcohol to be at 0.22%.

Counsel for Fahey renewed his earlier motion to suppress the results of the breathalyzer test which was promptly denied and the court announced his decision of finding Fahey guilty of DWI.

Fahey's motion to suppress is based on the legal premise that the law-trained magistrate, in the first preliminary hearing, had discharged Fahey for the reason there was no valid arrest as the arresting officer did not have probable cause to stop Fahey. The record reflects: The arresting officer responded to a call from his desk sergeant; the officer saw Fahey's vehicle cross the center line of traffic; the officer followed Fahey's vehicle and noted Fahey failed to signal when turning at a corner; the officer saw Fahey's vehicle stop beyond a stop sign; and lastly, the officer saw Fahey unsteady on his feet when he emerged from his vehicle, face flushed, with open beer cans and one-half pint of liquor in the middle of the front seat.

Fahey argues that the May 20, 1977, determination that there was no probable cause for his arrest is binding on the circuit court. If this is the case, it would be error to receive the test results into evidence because the administration of a breathalyzer test following an illegal arrest makes the test invalid in law. *Holland v. Parker,* 354 F.Supp. 196 (D.C.S.D.1973); *State ex rel. Wilson v. Nash,* 41 Ohio App.2d 201, 324 N.E.2d 774 (1974); *Commonwealth v. Modich,* 233 Pa.Super. 92, 334 A.2d 717 (1975).

▮ Fahey's contention, however, is without merit. The purpose of a preliminary hearing is to ascertain whether a public offense has been committed and whether there is sufficient cause to believe the defendant is guilty thereof. SDCL 23–27–16. The preliminary hearing does not place a defendant in jeopardy. *United States v. Levy,* 268 U.S. 390, 45 S.Ct. 516, 69 L.Ed.

1010 (1924); *People v. Riley,* 72 Mich.App. 299, 249 N.W.2d 397 (1977). No verdict flows from the magistrate's determination; the magistrate's ruling is not a final judgment of a court. *State v. Heisinger,* S.D., 252 N.W.2d 899 (1977); *State v. Wagner,* 86 S.D. 382, 196 N.W.2d 360 (1972). If, as happened here, the magistrate fails to find that a crime has been committed, that determination is not an adjudication of the matter. *Fugate v. Ronin,* 167 Neb. 70, 91 N.W.2d 240 (1958). Nor is that determination a bar to further prosecution on another complaint charging the same offense. *State v. McCombs,* 164 Kan. 334, 188 P.2d 922 (1948).

▮ A defense of res judicata or collateral estoppel is inapplicable simply because a criminal proceeding has been dismissed at the conclusion of a preliminary hearing. *People v. Uhlemann,* 9 Cal.3d 662, 108 Cal. Rptr. 657, 511 P.2d 609 (1973). In criminal cases, these doctrines are limited to situations where jeopardy has attached at the prior proceeding. *In re Crow,* 4 Cal.3d 613, 94 Cal.Rptr. 254, 483 P.2d 1206. Consequently, the issue of the legality of Fahey's arrest made at the first preliminary hearing is of no consequence. The magistrate at the second preliminary hearing, who was a circuit judge acting as a magistrate, and the trial judge during the trial were free to make their own determination as to the legality of arrest. Therefore, it was not error to admit the chemical test. Fahey cannot use the ruling at the conclusion of the first preliminary hearing as a springboard for his motion to suppress during the trial.

The judgment is affirmed.