# STATE OF FLORIDA v HAYES

### Case No. 85-10727

Thirteenth Judicial Circuit, Hillsborough County

February 12, 1986

## APPEARANCES OF COUNSEL

**George Bedell,** Assistant State Attorney, and **Daryl Dirks,** Assistant State Attorney, for plaintiff.

**Charlene Edwards,** Assistant Public Defender, for defendant.

## OPINION OF THE COURT

RALPH STEINBERG, Circuit Judge.

The above-styled cause came on for hearing on February 7, 1986 on a Motion to Suppress filed by the Defendant, William J. Hayes, by and through his attorney, Charlene Edwards, Assistant Public Defender, seeking to suppress a statement made by the Defendant to the effect that he had possession of a gun, and the Court having heard the testimony of Deputy W. Leavine of the Hillsborough County Sheriff's

office and the Defendant, William J. Jayes, finds the essential facts to be as follows:

On September 29, 1985, at approximately 9:30 P.M., Deputy W. Leavine, accompanied by a trained attack dog, entered a warehouse in response to an alarm while the warehouse was closed for the transaction of business. The defendant was discovered by Deputy Leavine, with the aid of the attack dog and a flashlight, above the rafters in the building and the Defendant was ordered to come down and lay on the floor. The Defendant obeyed the order and while Defendant was in the prone position on the floor of the warehouse Deputy Leavine asked the Defendant whether he had a gun. The Defendant responded that he had a gun and that it was on the shelf nearby. Deputy Leavine thereupon seized a .25 caliber gun from a shelf. At the time of the questioning concerning the gun, Deputy Leavine was armed and holding the attack dog and he did not first give the Defendant the warnings enunciated in *Miranda vs. Arizona,* 348 U.S. 436.

It is the Defendant's position that his statement pertaining to the gun and the gun itself should be suppressed as evidence because he was not first given the Miranda warnings and, under the circumstances, the statement was not made freely and voluntarily, in violation of the Due Process Clauses of the Florida and United States Constitutions.

After reading and considering Defendant's Memorandum of Law and argument of counsel, the Court is of the opinion that the question of Deputy Leavine pertaining to the gun was not designed to elicit testimonial evidence from a suspect, but was asked for the purpose of protecting himself under dangerous circumstances. Although public safety was not a factor, the Defendant was unshackled and visibility was poor thus posing a danger to Deputy Leavine in the event the Defendant was armed. Accordingly the statement of the Defendant to the effect that he had a gun and where it was located should not be suppressed for failure to give prior Miranda warnings. *New York vs. Quarles,* 104 S.Ct. 2626 (1984).

The Court is further of the opinion that the argument of the Defendant that even if the Miranda warnings are not applicable the Defendant's statement and the gun should nevertheless be suppressed because the statement of the Defendant was not made freely and voluntarily is without a merit. This argument purports to make a distinction without a difference. The purpose of the Miranda doctrine is to insure that self-incriminating statements are made freely and volun-

tarily. If an exception to the Miranda doctrine exists under the circumstances of this case, it applies even though the statement was not made freely and voluntarily by the Defendant. It is therefore,

ORDERED AND ADJUDGED that the Motion to Suppress filed by the Defendant, William J. Hayes, be, and the same is hereby, denied.