# Commonwealth v. Johnson

*James F. March, assistant district attorney*, for the Commonwealth.

*James A. Swetz*, for defendant.

O'BRIEN, *J.*, February 12, 1987—

## I. FINDINGS OF FACT

1. On October 31, 1986, at approximately 8:30 p.m., Officer John D. Whitesell of the Barrett Township Police Department observed a pickup truck with a headlight out make a wide turn through an intersection and proceed south on Route 390 in Barrett Township, Monroe County, Pa.

2. While following the pickup truck, the officer observed the vehicle swerving back and forth across the highway approximately six different times and pulling to the right shoulder of the highway when vehicles came in the opposite direction.

3. As a consequence of observing the erratic driving, the officer signaled the vehicle to stop where-

upon he observed defendant sitting in the driver's seat of the pickup truck.

4. When the officer smelled a strong odor of alcohol on defendant's breath, he asked him if he would perform a field sobriety test and defendant readily consented.

5. Defendant performed poorly on the field sobriety test and stated to the officer "I guess I failed this test," whereupon the officer placed him under arrest for driving under the influence of alcohol.

6. Immediately following the arrest, the officer performed a frisk search of defendant during which he found a baggy of suspected marijuana in defendant's front right breast pocket. The officer seized the suspected marijuana from defendant's pocket.

7. The officer advised defendant of his Miranda rights and asked him to submit to an intoxalyzer test. Defendant consented. The officer did not tell defendant that he had a right to refuse the test.

8. The officer transported defendant to the State Police Barracks at Swiftwater, Pa. where Trooper Domzalski advised defendant that if he refused the intoxalyzer test his license would be suspended for one year and then proceeded to administer the intoxalyzer test to defendant.

## II. DISCUSSION

Defendant's omnibus pre-trial motion seeks to suppress the results of the intoxalyzer test and the suspected marijuana seized from defendant's shirt pocket. Defendant's first argument in support of his motion for suppression relies upon the holdings in Commonwealth v. Brown, 225 Pa. Super. 289, 302 A.2d 475 (1973) and Commonwealth v. Lowry, 59 D.&C. 2nd 8 (1972). In both cases cited by defendant, the court suppressed the results of a chemical

test on the finding that the arresting officer did not have probable cause to arrest because the crime of driving under the influence was not committed in his presence. The instant case is factually distinguishable since the arresting officer did observe defendant driving the pickup truck.

Further, at the time of the decisions in Commonwealth v. Brown, supra and Commonwealth v. Lowry, supra, an officer could not make an arrest without a warrant unless the misdemeanor crime of driving under the influence of alcohol was committed in his presence. However, section 3731 of the Motor Vehicle Code, as amended in 1982, now provides as follows:

"(c) Certain arrests authorized. — In addition to any other powers of arrest, a police officer is hereby authorized to arrest without a warrant any person who the officer has probable cause to believe has violated the provisions of this section, *regardless of whether the alleged violation was committed in the presence of such officer.*" (75 Pa.C.S. §3731(c)). (Emphasis supplied.)

Defendant next argues that since the arresting officer did not advise defendant of his right to refuse the intoxalyzer test, the results of the test should be suppressed. Section 1547 of the Motor Vehicle Code provides in pertinent part as follows:

"(a) General rule. — Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcohol content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle.

531

(1) while under the influence of alcohol or a controlled substance or both; or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

(b) Suspension for refusal. —

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

(c) Test results admissible in evidence. — In any summary proceeding or criminal proceeding in which defendant is charged with a violation of. §3731 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood, as shown by chemical testing of the person's breath, blood or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence." 75 Pa.C.S. §1547.

At hearing it was established that the trooper who performed the intoxalyzer test did advise defendant of his right to refuse said test and the consequences of said refusal. However, since section 1547 of the

Motor Vehicle Code creates an implied consent of the motor vehicle operator to a test such as an intoxalyzer test, the only possible relevance of an officer failing to notify defendant of his right to refuse the test is with respect to the "suspension for refusal" provision of said statute. We hold that the failure of an arresting officer to notify a defendant of his right to refuse a chemical test has no bearing on the admissibility of the test results in a criminal proceeding but is relevant only in a proceeding challenging a suspension for refusal to take the test.

Defendant also argues that when the officer asked defendant to take the field sobriety test, he in effect placed him under arrest at that time and such arrest was without probable cause. We cannot agree with this argument factually or legally. As noted in Commonwealth v. Lowry, supra cited by defendant:

"It seems fairly clear that if Lowry voluntarily got out of the car and voluntarily took the test, then the results of the test would not be inadmissible under the exclusionary rule of the Fourth Amendment. We suggest that there would be no Constitutional prerequisite that the trooper informed Lowry that he did not have to emerge from the car to take the field test in order for defendant's action in taking the field test to be characterized as voluntary."

The facts in the case at bar established that the Defendant voluntarily consented to the field sobriety test. Further, the 1982 Amendment to section 1547 of the Motor Vehicle Code clearly contemplates a test during detention of a suspect and prior to arrest to establish probable cause for an arrest for driving under the influence. (75 Pa.C.S. §1547(k)). Further, we hold that a field sobriety test may be conducted by a police officer during an investigatory detention authorized by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) in order to

determine whether or not probable cause exists to arrest a suspect for a violation of 75 Pa.C.S. §3731.

Finally, defendant argues that the suspected marijuana seized from his pocket during the frisk search should be supressed. Defendant argues that the sole purpose of a search conducted incident to an arrest is the protection of the arresting officer and to prevent the disposal of evidence relative to the crime for which the arrest was made. Defendant argues that since the suspected marijuana did not constitute any threat to the safety of the arresting officer nor was it relevant to the offense for which defendant was arrested, the seizure was unreasonable and the evidence should be excluded at trial. The issue posed requires us to determine what restriction if any is placed on a search conducted incident to an arrest. In evaluating this question, we must consider the competing interests at stake. On the one hand, protection of the privacy of the individual is the primary reason for restricting search and seizure. On the other hand, searches are allowed incident to arrest for the purpose of protecting the safety of the arresting officer and preventing the destruction of evidence. In resolving this issue, we believe the following reasoning of the United States Supreme Court in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) is controlling:

"A single, familiar standard is essential to guide police officers, who have only limited time and expertise to reflect on and balance the social and individual interests involved in the specific circumstances they confront. A highly sophisticated set of rules, qualified by all sorts of ifs, ands, and buts and requiring the drawing of subtle nuances and hairline distinctions, may be the sort of heady stuff upon which the facile minds of lawyers and judges feed,

but they may be 'literally impossible of application by the officer in the field.' "

Therefore, we hold that an officer conducting a search incident to arrest may seize any contraband or illegal substances found in the course of said search irrespective of whether or not the items seized constitute evidence in support of the crime for which the arrest was made.

## III. CONCLUSIONS OF LAW

1. Officer John D. Whitesell had probable cause to arrest defendant for driving under the influence of alcohol and reasonable grounds to request defendant to submit to an intoxalyzer test.

2. A field sobriety test performed by defendant was conducted during an investigatory detention authorized by Terry v. Ohio.

3. The suspected marijuana was properly seized from defendant during a lawful search incident to arrest.

### ORDER

And now, this February 12, 1987, defendant's omnibus pre-trial motions are denied.