**Dick L. LANSDEN and Martha S. Lansden, Plaintiffs,**

v.

**Richard MARSH, Director, Internal Revenue Service Center, Memphis, Tennessee, Defendant.**

No. 3:95–1093.

United States District Court, M.D. Tennessee, Nashville Division.

Feb. 7, 1997.

Dick L. Lansden, Waller, Lansden, Dortch & Davis, Nashville, pro se.

Robert Ladd DeLaney, DeLaney & Withers, Nashville, for Dick L. Lansden, Martha S. Lansden.

John M. Roberts, Office of the United States Attorney, Nashville, Shannon L. Hough, Department of Justice, Washington, DC, for Richard Marsh.

## MEMORANDUM

ECHOLS, District Judge.

Pending before the Court are the following: (1) Defendant's Motion for Summary Judgment (Docket Entry No. 12), to which Plaintiffs have filed a Response; (2) Plaintiffs' Cross–Motion for Summary Judgment (Docket Entry No. 34), to which Defendant has filed a Response; and (3) Plaintiffs' Request for Oral Argument (Docket Entry No. 37). For the reasons discussed more fully in the accompanying Memorandum, Defendant's Motion for Summary Judgement is hereby GRANTED; Plaintiffs' Cross–Motion for Summary Judgment is DENIED; and Plaintiffs' Request for Oral Argument is DENIED as MOOT.

Plaintiffs challenge Defendant Internal Revenue Service's ("IRS's") imposition and collection of a tax upon Social Security benefits Plaintiffs received for the 1992 taxable year. Plaintiffs contend that Defendant's taxation of Plaintiffs' Social Security benefits violates the United States Constitution's prohibition against the levy of direct taxes without apportionment according to population. Plaintiffs also allege that the imposition of a tax on such benefits violates the doctrine of intergovernmental tax immunity. Finally, Plaintiffs claim that the statute imposing the tax on Social Security benefits is so indefinite and vague as to be void. Defendant filed a Motion for Summary Judgment, contending that Congress may constitutionally impose a tax on Social Security benefits without apportionment, and that progressive taxation of such benefits is not violative of the principle of intergovernmental tax immunity. Plaintiffs filed a Cross–Motion for Summary Judgment, asserting that the tax upon Plaintiffs' Social Security benefits constituted a direct tax upon Plaintiffs' personal property, requiring apportionment among the states, and that progressive taxation of Social Security

benefits violates the principle of intergovernmental tax immunity.

In ruling on a motion for summary judgment, the Court must construe the evidence produced in the light most favorable to the non-moving party, drawing all justifiable inferences in his or her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). A party may obtain summary judgment if the evidentiary material on file shows "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of satisfying the Court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n. 4 (6th Cir.1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. *See Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. If so, summary judgment is inappropriate. Both parties agree that summary judgment is the appropriate procedure to determine the legal issues in this case.

The circumstances leading to this litigation are apparently undisputed. The present action arose after Plaintiffs demanded a refund of $3,867.00 for income tax paid on Social Security benefits received during the 1992 taxable year on the ground that the imposition of such a tax was unconstitutional. Plaintiffs initially filed an administrative claim with Defendant, which request was denied on the ground that Social Security benefits constitute taxable income under the Code. Plaintiffs then wrote a letter to Defendant, again demanding a refund. Defendant responded that Plaintiffs' initial claim would not be reviewed, and that if Plaintiffs wished to proceed with their complaint they would have to file a formal appeal. Plaintiffs then instituted the present action. Because there is no factual dispute, and because the parties' cross-motions for summary judgment concern the same dispositive issues, the Court will consider both motions together.

The first issue presented is whether Social Security benefits may constitutionally be taxed as income, without apportionment

among the states. Defendant contends that Social Security benefits are constitutionally included in the Internal Revenue Code's ("Code's") definition of taxable income because the receipt of such benefits constitutes a clearly realized accession to Plaintiffs' wealth. There is no dispute that Congress included Social Security benefits within the definition of taxable "gross income" in the Code. I.R.C. § 86.[1] Congress' inclusion of such benefits in the calculation of taxable income does not end the inquiry, however—the inclusion must fall within Congress' constitutional power to impose income taxes without apportionment among the states. *Eisner v. Macomber,* 252 U.S. 189, 206, 40 S.Ct. 189, 193, 64 L.Ed. 521 (1920) ("Congress cannot by any definition [of "income"] it may adopt conclude the matter, since it cannot by legislation alter the Constitution, from which alone it derives the power to legislate, and within whose limitations alone that power can be lawfully exercised").

■ Under the Constitution, Congress' power to impose taxes on the general population is limited by Article I, Section 2, which states:

Representatives and direct Taxes shall be apportioned among the several States which may be included within this Union, according to their respective Numbers ...

U.S. Const. art. I, § 2, cl. 3. The Sixteenth Amendment to the United States Constitution was ratified to provide an exception to this general restriction:

The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.

U.S. Const. amend. XVI. In short, the Constitution permits Congress to tax incomes without apportionment, but prohibits Congress from levying direct taxes in this manner. Thus, the determinative issue in evaluating the constitutionality of a tax imposed without apportionment is whether the tax is a "direct" tax or an "income" tax. This inquiry requires the Court to determine whether that which is taxed—in this case, Social Security benefits—is "income." *Eisner,* 252 U.S. at 206, 40 S.Ct. at 193. *See Comm'r of Internal Revenue v. Obear–Nester Glass Co.,* 217 F.2d 56, 59 (7th Cir.1954) (declaring that it is the province of the judiciary to determine which gains Congress may constitutionally tax as income) *cert. denied,* 348 U.S. 982, 75 S.Ct. 570, 99 L.Ed. 764 (1955).

The United States Supreme Court first addressed the issue of the scope of constitutionally taxable income in Eisner. In that case, the Court defined income as "the gain derived from capital, from labor, or from both combined." 252 U.S. at 207, 40 S.Ct. at 193 (citing *Stratton's Independence v. Howbert,* 231 U.S. 399, 415, 34 S.Ct. 136, 140, 58 L.Ed. 285 (1913); *Doyle v. Mitchell Bros. Co.,* 247 U.S. 179, 185, 38 S.Ct. 467, 469, 62 L.Ed. 1054 (1918)). The Court later held that Eisner's definition was not meant to be exhaustive, and that other forms of gain could constitutionally be counted as income. *Helvering v. Bruun,* 309 U.S. 461, 60 S.Ct. 631, 84 L.Ed. 864 (1940). In turn, the lower courts gradually expanded the scope of constitutionally taxable income. *See Obear–Nester Glass,* 217 F.2d at 62 (treble damages awarded in an anti-trust action); *General American Investors Co. v. Comm'r of Internal Revenue,* 211 F.2d 522 (2d Cir.1954) ("insider profits" awarded under Section 16(b) of the Securities Exchange Act of 1934), *aff'd,* 348 U.S. 434, 75 S.Ct. 478, 99 L.Ed. 504 (1955); *James F. Waters, Inc. v. Comm'r of Internal Revenue,* 160 F.2d 596 (9th Cir.) (insurance proceeds), *cert. denied,* 332 U.S.

1. 26 I.R.C. § 86 provides in relevant part:
   (1) In general.—Except as provided in paragraph (2), gross income for the taxable year of any taxpayer described in subsection (b) ... includes social security benefits in an amount equal to the lesser of—
   (A) one-half of the social security benefits received during the taxable year, or
   (B) one-half of the excess described in subsection (b)(1).

   ...
   (d) Social Security benefit.—
   (1) In general.—For purposes of this section, the term "social security benefit" means any amount received by the taxpayer by reason of entitlement to—
   (A) a monthly benefit under title II of the Social Security Act, or
   (B) a tier I railroad benefit.

767, 68 S.Ct. 77, 92 L.Ed. 353 (1947). Finally, in *Comm'r of Internal Revenue v. Glenshaw Glass Co.*, 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955), the Supreme Court expressly rejected the contention that the Eisner definition was meant to be all-inclusive, stating that Eisner "was not meant to provide a touchstone to all future gross income questions." *Id.* at 431, 75 S.Ct. at 477. The Court adopted a broad definition of income to include all "undeniable accessions to wealth, clearly realized, and over which the taxpayer[ ][has] complete dominion." *Id.* This expansive interpretation of income has remained controlling. *See Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323, ——, 115 S. Ct. 2159, 2163, 132 L.Ed.2d 294 (1995). As such, the inquiry for this Court is whether Social Security benefits should be characterized as clearly realized accessions to Plaintiffs' wealth.

Plaintiffs assert that receipt of such benefits does not constitute an accession to wealth. Rather, Plaintiffs argue that Social Security payments represent a return by the federal government to Plaintiffs of their personal property. Specifically, Plaintiffs assert that, in deducting Social Security tax from their paychecks, the government borrowed Plaintiffs' money to invest for Plaintiffs' benefit upon their retirement. Plaintiffs state that "[t]he income derived from this investment was to become a part of the social security benefit ultimately paid to [Plaintiffs] along with a donation or gift by the Government to compensate for cost of living increases." Thus, Plaintiffs contend that, to the extent that the Social Security benefits they have received constitute a return of the money previously borrowed by the federal government, such benefits are not accessions to their wealth, and therefore cannot constitutionally be defined as income.[2]

■ The Court finds that Social Security benefits may constitutionally be defined as income, and the receipt of such benefits constitutes an accession to the beneficiary's

wealth, not a return of the recipient's own property. The Supreme Court has explicitly held that there is no constitutionally protected property interest in Social Security benefits. *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). In *Flemming*, the Court addressed the issue of whether the termination of a deported alien's Social Security benefits violated the alien's Fifth Amendment right to substantive due process. *Id.* at 606, 80 S.Ct. at 1370. The plaintiff argued that he had an "accrued property right" in his Social Security benefits by virtue of his payment of Social Security tax during his working years. In denying the plaintiff's claim, the Court expounded on the nature of the Social Security system:

> The Social Security system may be accurately described as a form of social insurance, enacted pursuant to Congress' power to 'spend money in aid of the "general welfare," 'whereby persons gainfully employed, and those who employ them, are taxed to permit the payment of benefits to the retired and disabled, and their dependents. Plainly the expectation is that many members of the present productive work force will in turn become beneficiaries rather than supporters of the program. But each worker's benefits, though flowing from the contributions he made to the national economy while actively employed, are not dependent on the degree to which he was called upon to support the system by taxation. It is apparent that the noncontractual interest of an employee covered by the Act cannot soundly be analogized to that of the holder of an annuity, whose right to benefits is bottomed on his contractual premium payments.

*Id.* at 609–10, 80 S.Ct. at 1372 (citations omitted). The Court also noted that the Social Security Act provides that Congress may generally repeal or alter all recipients' "rights" to Social Security benefits. *Id.* at 610–11, 80 S.Ct. at 1372–73. In light of these considerations, the Court held that beneficia-

**2.** Although Plaintiffs do not explicitly state as such in their motion, the Court presumes that they concede that the portion of the Social Security benefits representing the interest earned on the original "investment" by the government is taxable income. Such interest is certainly a clearly realized accession to Plaintiffs' wealth. The Court assumes that Plaintiffs challenge the constitutionality of imposing income taxes on the return to Plaintiffs of the principal the government originally "borrowed" from them via paycheck deductions.

ries under the Social Security system have no constitutionally guaranteed property right in the payments they receive. *Id.* at 611, 80 S.Ct. at 1372. Similarly, in the present case, because Plaintiffs have no property interest in the benefits received, their argument that such benefits represented a return of *their property*, which was "borrowed" and "invested" by the federal government, must fail. Rather, such benefits necessarily augmented Plaintiffs' wealth, which gain was realized upon Plaintiffs' receipt of the payments. As such, the Court finds that the Social Security benefits paid to Plaintiffs constituted "income" according to the *Glenshaw Glass* definition of that term, and were therefore properly taxed without apportionment among the states.

Plaintiffs next argue that the Social Security system is based on the Federal Old Age and Survivors Trust Fund, established by Congress. Plaintiffs assert that Congress named the Department of Health, Welfare and Education as the trustee for this fund. Plaintiffs allege that, in imposing taxes on the beneficiaries of that trust, the federal government "gave up its right to take any action against the Trust that would damage it. The taxation of the beneficiaries of the Trust is such an act." (Amended Complaint **paragraph** 11.) Plaintiffs also state that "[t]he payment of benefits to the beneficiary of the Trust fund is not income, but is a return to the beneficiary of personal property of which he was the beneficial owner prior to the payment." (Id. **paragraph** 12.) The gravamen of this argument is that Plaintiffs, as beneficiaries to the "trust fund," had a

property right to receive the benefits paid out from the fund, and therefore that the government had no power to tax Plaintiffs on those benefits. This claim is substantively identical to the argument the Court rejected above. As such, the Court finds it to be without merit.

Plaintiffs also alternatively argue that taxation of Social Security benefits violates the principle of intergovernmental tax immunity. Plaintiffs contend that there is an "implied contract" between the government and Social Security beneficiaries that the government will invest the money received from such beneficiaries and then pay them the return on that investment in the form of Social Security benefits. Plaintiffs assert that, although Congress may generally impose income tax on gains earned through contractual dealings with the government, such taxation must be nondiscriminatory in character. With respect to Social Security benefits, however, the income tax imposed is discriminatory: those recipients who do not possess a threshold level of outside income are exempted from taxation, and wealthy recipients are taxed at a higher rate than lower-income recipients.[3]

In support of this theory, Plaintiffs rely upon *South Carolina v. Baker*, 485 U.S. 505, 108 S.Ct. 1355, 99 L.Ed.2d 592 (1988), for their argument. That case held that the federal government may impose a nondiscriminatory tax on income earned on contracts with *state and local* governments and taxpayers without violating the principle of intergovernmental tax immunity. *Id.* at 524–

---

**3.** 26 U.S.C. § 86 establishes a graduated system of taxation of Social Security benefits. That section provides in relevant part:

(1) In general.—[G]ross income for the taxable year of any taxpayer.. includes social security benefits in an amount equal to the lesser of—
(A) one-half of the social security benefits received during the taxable year, or
(B) one-half of the excess described in subsection (b)(1).
(2) Additional amount.—In the case of a taxpayer with respect to whom the amount determined under subsection (b)(1)(A) exceeds the adjusted base amount, the amount included in gross income under this section shall be equal to the lesser of—
(A) the sum of—
(i) 85 percent of such excess, plus

(ii) the lesser of the amount determined under paragraph (1) or an amount equal to one-half of the difference between the adjusted base amount and the base amount of the taxpayer, or
(B) 85 percent of the social security benefits received during the taxable year.
(b) Taxpayers to whom subsection (A) applies.—
(1) In general.—A taxpayer is described in this subsection if—
(A) the sum of—
(i) the modified adjusted gross income of the taxpayer for the taxable year, plus
(ii) one-half of the social security benefits received during the taxable year, exceeds
(B) the base amount.

25, 108 S.Ct. at 1367–68. *Baker* did not concern the constitutionality of *federal* taxation of income earned through contracts with the *federal* government, which is the issue presented by Plaintiffs here. As such, even assuming that a contractual relationship existed between Social Security beneficiaries and the federal government, it is unclear that *Baker* applies in the present case.

■ Plaintiffs contend, however, that by imposing a discriminatory income tax on the benefits received, Congress unconstitutionally burdened the government's ability to maintain its contractual relationship with Social Security recipients. The Court disagrees. Plaintiffs' argument rests on the erroneous assumption that there exists a contractual relationship between the federal government and Social Security beneficiaries. As discussed above, the government owes no contractual or constitutional duty to pay Social Security recipients anything. Said beneficiaries, therefore, have no property right in the payments they receive. *Flemming*, 363 U.S. at 610–11, 80 S.Ct. at 1372–73. Because no "implied contract" exists between the government and Plaintiffs, the imposition of a tax on Plaintiffs' benefits is not violative of the intergovernmental tax immunity doctrine.

Finally, although neither party raises the issue in the pending cross-motions for summary judgment, Plaintiffs in their Amended Complaint allege that the Code provision imposing an income tax on Social Security benefits *is so* vague that they are unable to comply with the statute. In particular, Plaintiffs charge that "modified adjusted gross income," as defined in I.R.C. § 86(b)(2), cannot be accurately calculated because the provision does not adequately identify which forms of "foreign source income" must be included in the calculation.[4]

I.R.C. § 86(b)(2) defines "modified adjusted gross income" to include:

[A]d[j]usted gross income—

(A) *determined without regard to this section and sections 135, 911, 931, and 933,* and (B) increased by the amount of interest received or accrued by the taxpayer during the taxable year which is exempt from tax.

I.R.C. § 86(b)(2) (emphasis added). Sections 135, 911, 931, and 933 of the Code exclude certain sources of taxpayer income from the calculation of taxable "gross income." Specifically, Section 135 excludes interest earned on United States savings bonds for taxpayers paying for "qualified" higher education expenses, Section 911 allows for the exclusion of income earned by United States citizens living abroad, Section 931 excludes certain income earned by residents of Guam, American Samoa, and the Northern Mariana Islands, and Section 933 excludes certain income earned by residents of Puerto Rico. I.R.C. §§ 135, 911, 931, 933.[5]

A statute is void for vagueness if people "of common intelligence must necessarily guess at its meaning and differ as to its

---

4. Determination of the taxpayer's "modified adjusted gross income" is necessary for calculating the portion of the social security benefits, if any, that must be included in the taxpayer's taxable "gross income." 26 U.S.C. § 86(b)(1).

5. 26 U.S.C. § 135 provides in relevant part:
   In the case of an individual who pays qualified higher education expenses during the taxable year, no amount shall be includible in gross income by reason of the redemption during such year of any qualified United States savings bond.
   26 U.S.C. § 911 provides in relevant part:
   At the election of a qualified individual ... there shall be excluded from gross income of such individual, and exempt from taxation under this subtitle, for any taxable year—
   (1) the foreign earned income of such individual, and

(2) the housing cost amount of such individual.
26 U.S.C. § 931 provides in relevant part:
In the case of an individual who is a bona fide resident of a specified possession [defined as Guam, American Samoa, and Northern Mariana Islands] during the entire taxable year, gross income shall not include—
(1) income derived from sources within any specified possession, and
(2) income effective connected with the conduct of a trade or business by such individual within any specified possession.
26 U.S.C. § 933 provides in relevant part:
The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:
(1) ... In the case of an individual who is a bona fide resident of Puerto Rico, income derived from sources within Puerto Rico ...

application." *Zwickler v. Koota,* 389 U.S. 241, 249, 88 S.Ct. 391, 396, 19 L.Ed.2d 444 (1967) (quoting *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)). The Sixth Circuit maintains that, when a statute does not concern criminal conduct or First Amendment rights, "the court must be fairly lenient in evaluating a claim of vagueness." *Doe v. Staples,* 706 F.2d 985, 988 (6th Cir.1983) (quoting *Exxon Corp. v. Busbee,* 644 F.2d 1030 (5th Cir.), *cert. denied,* 454 *U.S.* 932, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981)), *cert. denied,* 465 U.S. 1033, 104 S.Ct. 1301, 79 L.Ed.2d 701 (1984). The statute must be "substantially incomprehensible" to be deemed invalid. *Id.* Further, the court must evaluate the comprehensibility of the provision in light of the facts of the case at hand. *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975).

In the present case, the Court finds that the challenged section is not "substantially incomprehensible." The Court interprets Section 86(b)(2) to provide that the determination of "modified adjusted gross income" must take into account certain forms of income that would otherwise be excluded from the calculation of the taxpayer's "gross income." For instance, if the taxpayer earned income while abroad, she would not be required to include that amount in her calculation of "gross income," but she would count it in determining "modified adjusted gross income" under Section 86(b)(2). Because the Court finds that Section 86(b)(2) is not so unclear as to render it void for vagueness, it accordingly rejects that basis for invalidating the provision.

In sum, the Court finds that, as a matter of law, I.R.C. § 86 is not unconstitutional for the reasons stated herein. As such, the Court finds that Plaintiffs' theory cannot be supported under the law, and Defendant is entitled to summary judgment. Accordingly, Defendant's Motion for Summary Judgment is hereby GRANTED, and Plaintiffs' Motion for Summary Judgment is DENIED. The parties have carefully briefed the legal issues involved, and the Court finds oral argument would not be helpful. Therefore, Plaintiffs'

Request for Oral Argument is hereby DENIED, and this case is hereby DISMISSED.